UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JOSE FERNANDEZ,**<br><br>      **Plaintiff,**<br><br>**v.**<br><br>**KIDS A.M., INC. DBA C-TOWN SUPERMARKETS,**<br><br>      **Defendant.** | **Case No.:** _____<br><br>**JURY DEMAND** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSE FERNANDEZ ("Plaintiff"), by and through his undersigned counsel, files this Complaint and Demand for Jury Trial against Defendant, KIDS A.M., INC. DBA C-TOWN SUPERMARKETS ("C-Town" or "Defendant"), and states:

## NATURE OF THE ACTION

1. This action seeks to redress the Defendant's systematic policy and practices whereby they accept work from employees without paying legally-mandated wages for it, including overtime wages as required by the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), New York Labor Law, N.Y. Lab. Law, Art. 19 § 650 *et seq.* ("NYLL"), and Rules and Regulations of the State of New York ("NYCRR") § 142-2.

2. The FLSA, NYLL and NYCRR require employers to compensate employees for all hours worked, and at an overtime rate for all work completed over forty (40) hours per week. However, the Defendant systematically failed to fully account for the hours worked by non-exempt employees, effectively forcing them to work off-the-clock and thus without due compensation including overtime premium pay.

## JURISDICTION & VENUE

3. This Court also has jurisdiction under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b) and under 28 U.S.C. § 1331 (federal questions jurisdiction), and supplemental jurisdiction over Plaintiff's NYLL and NYCRR claims pursuant to 28 U.S.C. § 1367.

4. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2), because all or significantly all acts/omissions giving rise to the instant claims occurred in this District, the instant claims accrued in District, and Defendant conducts significant business activities in this District.

## PARTIES AND FLSA COVERAGE

5. At all times material hereto, Plaintiff was a citizen/resident of the jurisdiction of the Eastern District of New York.

6. At all times material hereto, Defendant was, and continues to be a New York Domestic Business Corporation, engaged in business in New York, with a principal place of business in Brooklyn, New York.

7. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

8. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

9. Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

10. Based upon information and belief, the annual gross revenue of Defendant is, and was, in excess of $500,000.00 per annum for all relevant time periods.

11. At all times material hereto, Defendant had two (2) or more employees who handled

good, materials, and tools that had traveled within interstate commerce as part of their regular duties as employees of Defendant.

12. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA by virtue of his usage of items that travelled in interstate commerce in the exercise of his regular duties as an employee of Defendant.

13. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

14. Defendant operates one or more grocery supermarkets as "C-Town".

15. Plaintiff worked for Defendant as a non-exempt butcher from December 2019 through June 2020.

16. Plaintiff then worked as a non-exempt front office manager from June 2020 through January 2023.

17. Plaintiff's employment ended in approximately January 2023.

18. Plaintiff's duties as a butcher included cutting, weighting, and wrapping meat.

19. Plaintiff's duties as a front-office manager included managing the front office.

20. At all times relevant to the claim, Plaintiff was compensated on an hourly basis.

21. However, Plaintiff was not properly compensated for all of the hours that he worked each week, in most, if not all, workweeks.

22. During times relevant to the claim, Plaintiff worked in excess of forty (40) hours in most, if not all, workweeks.

23. However, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a single

workweek.

24. Instead, Defendant paid Plaintiff at his regular rate of pay for all hours that Plaintiff worked in a single work week, including the hours that Plaintiff worked over forty (40).

25. Plaintiff should have been, and should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

26. Defendant has violated Title 29 U.S.C. § 207 in that:

a. Plaintiff worked in excess of forty (40) hours per week in most, if not all, workweeks during his employment as a maintenance supervisor and technician with Defendant;

b. No payments, and/or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all those hours worked in excess of forty (40) hours per workweek while Plaintiff worked as a maintenance supervisor and technician for Defendant as provided by the FLSA;

c. Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful or demonstrated reckless disregard for the FLSA.

### COUNT I
### VIOLATION OF 29 U.S.C. §207
### OVERTIME COMPENSATION

27. Plaintiff realleges and reincorporate paragraphs 1 through 26 as if fully set forth herein.

28. Throughout the duration of Plaintiff's employment with Defendant, Plaintiff worked in excess of forty (40) hours in most, is not all, workweeks.

29. Throughout the duration of his employment, Plaintiff was not properly

4

compensated at the statutory rate of one and one-half times his regular rate of pay for the hours he worked in excess of forty (40) hours each workweek.

30. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours while Plaintiff was employed by Defendant.

31. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due for Plaintiff's work for Defendant.

32. Defendant has failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

33. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered, and continues to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

34. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

35. Plaintiff demands trial by jury.

### COUNT II
### VIOLATION OF NEW YORK LABOR LAW §§ 650 *et seq.*

36. Plaintiff realleges and reincorporate paragraphs 1 through 26 as if fully set forth herein.

37. NYLL § 652 requires that every employee must be paid for "each hour worked" by their employer.

5

38. Through their conduct described above, Defendant has engaged in a widespread pattern, policy, and practice of violating the NYLL.

39. At all relevant times, Plaintiff was an employee of Defendant, and Defendant was the employer of Plaintiff within the meaning of the NYLL §§ 650 *et seq*.

40. Through its knowing or intentional failure to pay agreed upon hourly wages to Plaintiff, Defendant has willfully violated the NYLL, Article 19, §§ 650 *et seq*.

41. Defendant required Plaintiff to work without due compensation.

42. NYLL § 663(1) provides that Plaintiff is entitled to recover the amount of any such underpayments.

43. NYLL § 663(1) further provides that Plaintiff is entitled to an award of its costs incurred in pursuing this claim, an award of reasonable attorneys' fees incurred in pursuing this claim and an award of prejudgment interest at the applicable rate.

44. Under NYLL § 663(1), Defendant is liable for a penalty in the amount of 100% of the total of the amount due during the relevant period as Defendant cannot prove a good faith basis to believe that its underpayment was in compliance with the law.

45. Due to Defendant's willful violations of the NYLL, Plaintiff is entitled to recover from Defendant their unpaid wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT III
## VIOLATION OF THE NYLL § 650 AND NYCRR § 142-2

46. Plaintiff realleges and reincorporate paragraphs 1 through 26 as if fully set forth herein.

47. Through their conduct described above, Defendant has engaged in a widespread pattern, policy, and practice of violating the NYLL.

6

48.  At all relevant times, Plaintiff was an employee of Defendant, and Defendant was the employer of Plaintiff within the meaning of the NYLL §§ 650 *et seq*.

49.  Through its knowing or intentional failure to pay overtime wages to Plaintiff, Defendant has willfully violated the NYLL, Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

50.  NYLL § 650 *et seq*. confers power upon the Commissioner of Labor and the wage board to recommend regulations with respect to overtime rates.

51.  Accordingly, NYCRR § 142-2 provides for overtime rate compensation within the State of New York.

52.  Plaintiff is an "Employee" as defined by NYCRR § 142-2.14.

53.  NYCRR § 142-2.2 requires an employer to "pay an employee for overtime at a wage rate of one and one-half times the employees regular rate . . ." in accordance with, and subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 *et seq.*, the Fair Labor Standards Act of 1938, as amended.

54.  Defendant failed to pay Plaintiff the required overtime rate when he worked more than forty (40) hours per workweek.

55.  Defendant has no good faith justification or defense for failing to pay Plaintiff all wages mandated by the NYCRR.

56.  NYLL § 663(1) provides that Plaintiff is entitled to recover the amount of any such underpayments.

57.  NYLL § 663(1) further provides that Plaintiff is entitled to an award of his costs incurred in pursuing this claim, an award of reasonable attorneys' fees incurred in pursuing this claim and an award of prejudgment interest at the applicable rate.

58. Under NYLL § 663(1) Defendant is liable for a penalty in the amount of 100% of the total of the amount due during the relevant period as Defendant cannot prove a good faith basis to believe that its underpayment was in compliance with the law.

## COUNT IV
## VIOLATION OF NEW YORK LABOR LAW §§ 190, et seq.- FAILURE TO PROVIDE WRITTEN NOTICE OF WAGES, ETC.

59. Plaintiff realleges and reincorporate paragraphs 1 through 26 as if fully set forth herein.

60. At the inception of Plaintiff's employment, Defendant failed to supply Plaintiff with written notice of the terms of his employment, as required by the NYLL.

61. Through its knowing or intentional failure to provide Plaintiff with the written notice required under the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

62. Because Defendant failed to provide Plaintiff with written notice, Plaintiff was unaware of his entitlement to overtime wages, his proper rates of pay, and/or the contact information for Defendant's main office.

63. As a result, Plaintiff did not know how much he was legally entitled to earn while employed by Defendant and did not know who he should complain to regarding Defendant's failure to pay him overtime wages when he worked in excess of 40 hours a week.

64. Defendant's failure to provide the legally-required written notice directly resulted in a significant delay in Plaintiff asserting his rights to full and proper overtime compensation.

65. As a direct result of the delay, Plaintiff has had a worse credit rating than he otherwise would have had, because his income has been artificially reduced.

66. Thus, Plaintiff has had greater difficulty obtaining loans and other credit and the terms of the loans/credit obtained have been less favorable (i.e. higher interest rates).

67. Without access to traditional avenues for borrowing money and/or financing purchases, Plaintiff was required to resort to making more purchases on high interest credit cards, which in turn further negatively impacted his credit and plunged him further into debt.

Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties, reasonable attorneys' fees, costs, and injunctive relief and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

## COUNT V
## VIOLATION OF NEW YORK LABOR LAW §§ 190 *et seq.*-
## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

68. Plaintiff realleges and reincorporate paragraphs 1 through 26 as if fully set forth herein.

69. Defendant failed to supply Plaintiff with accurate statements of wages as required under the NYLL, Article 6, § 195(3).

70. Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required under the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

71. Because Defendant failed to provide Plaintiff with accurate wage statements, Plaintiff suffered emotional distress, because he did not know whether he was receiving the full amount of his wages due, and whether he could meet his financial commitments.

72. Plaintiff further suffered as a result of Defendant's failure to provide accurate wage statements because he was hindered in his financial matters (i.e. seeking loans, credit, etc.) inasmuch as his wage statements did not fully and accurately reflect his wages earned.

73. Specifically, although Defendant made deductions to Plaintiff's pay throughout his employment, purportedly to cover his rent at Defendant's premises, Defendant failed to document such deductions on Plaintiff's wage statements.

74. Because his wage statements did not fully and accurately reflect the amount of wages that Plaintiff earned, his credit rating was worse than it would otherwise have been, making it more difficult for him to borrow money or finance purchases, and resulting in less favorable loan/finance terms.

75. Without access to traditional avenues for borrowing money and/or financing purchases, Plaintiff was required to resort to making more purchases on high interest credit cards, which in turn further negatively impacted his credit and plunged him further into debt.

76. Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties, reasonable attorneys' fees, costs, and injunctive relief and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

    a. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per workweek while employed by Defendant;

    b. finding that Defendant willfully violated the applicable provisions of the NYLL by failing to pay all required wages and overtime to Plaintiff and the New York Class members;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d.    Awarding Plaintiff $5,000 due to Defendant's failure to provide written notice in violation of the WTPA;

    e.    Awarding Plaintiff $5,000 due to Defendant's failure to provide accurate wage statements in violation of the WTPA;

    f.    Awarding Plaintiff pre-judgment and/or post-judgment interest;

    g.    An award of costs and expenses of this action together with reasonable attorney's and expert fees; and

    h.    Ordering any other further relief the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demand trial by jury on all issues so triable as a matter of right by jury.

DATED this 18th day of April 2023.

Respectfully submitted,

By: */s/ Andrew R. Frisch*
**Andrew R. Frisch**
**NY Bar No. 3957115**
**MORGAN & MORGAN, P.A.**
8151 Peters Road, Suite 4000
Plantation, FL 33324
Telephone: (954) WORKERS
Facsimile: (954) 327-3013
Email: afrisch@forthepeople.com

*Attorney for Plaintiff*